IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMAL COWAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) No. | FILED STAMP: JULY 15, 2008 |
| | ) | 08CV4017 |
| CITY OF CHICAGO, CHICAGO POLICE | ) Judge | JUDGE GETTLEMAN |
| OFFICERS KEITH HERRERA, Star #17289, | ) | MAG. JUDGE NOLAN |
| STEVE DELBOSQUE, Star #15332, | ) Magistrate | J. N. |
| PARKER, Star #5499, W. MORALES, | ) | |
| Star #15318, T. SHERRY, Star #14103 | ) | |
| F. VILLAREAL, Star #10438, G. SALINAS, | ) | |
| Star #10293, GONZALEZ and UNKNOWN | ) | |
| CHICAGO POLICE OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

**COMPLAINT**

NOW COMES the plaintiff, Jamal Cowan, through his attorneys, A LAW OFFICE OF CHRISTOPHER R. SMITH, Christopher R. Smith, and for his Complaint against defendants CITY OF CHICAGO, CHICAGO POLICE OFFICERS KEITH HERERA, Star #17289, STEVE DELBOSQUE, Star #15332, PARKER, Star #5499, W. MORALES, Star # 15318, T. SHERRY, Star #14103 F. VILLAREAL, Star #10438, G. SALINAS, Star #10293, GONZALEZ and UNKNOWN CHICAGO POLICE OFFICERS, stating as follows:

**INTRODUCTION**

1. This is a civil action seeking damages against defendants for (1) conducting the affairs of various enterprises, including the City of Chicago, Chicago Police Department, and Special Operations Section, through a pattern of racketeering activity against the plaintiffs; (2) for

1

depriving plaintiff, while acting under color of law as Chicago Police Officials and City Officials, of rights secured by the Constitution and laws of the United States; (3) for related State-law claims; and (4) for the City of Chicago's widespread policies and practices that caused the plaintiffs various injuries.

## JURISDICTION

2. This action is brought pursuant to 18 U.S.C. §§ 1961, *et. seq.*, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and pursuant to 42 U.S.C. §§ 1983, 1985, and the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983, and § 1985; the judicial code 28 U.S.C., § 1331 and 1343 (a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C., § 1367(a). Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising out of state law.

## PARTIES

3. Plaintiff is a citizen of the United States who currently resides in Chicago, Illinois.

4. Defendants Chicago Police Officers Keith Herrera, Star #17289, Steve Delbosque, Star #15332, Parker, Star #5499, W. MORALES, Star #15318, T. SHERRY, Star #14103 F. VILLAREAL, Star #10438, G. SALINAS, Star #10293, GONZALEZ and Unknown Chicago Police Officers, collectively the "Officer Defendants," were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of while on duty in the course and scope of their employment and under color of law. They are sued in their individual capacities.

5. Defendant City of Chicago, ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of all other defendants. At all times relevant hereto, all defendants were acting under color of the statutes, ordinances, regulations, customs and usages of the State of Illinois and the City of Chicago, and within the scope of their employment with defendant institutions.

**FACTS**

6. On July 17, 2006, Jamal Cowan was outside near his home in Chicago, Cook County, Illinois.

7. Shortly after 10:00 p.m. Chicago Police Officers approached in vehicles.

8. Civilians began to leave the area, and Jamal went into an alley.

9. When Jamal Cowan was in the alley, a defendant officer struck Mr. Cowan from behind with a flashlight and then tackled him.

10. Approximately five officers then beat Mr. Cowan.

11. Mr. Cowan was not committing any crime.

12. After the beating, Jamal Cowan was arrested and placed in an unmarked police car.

13. Defendants then transported Mr. Cowan to another location and repeatedly asked him questions about guns and drugs.

14. Although Jamal Cowan was not in possession of a gun, defendant officers falsely charged him with unlawful use of a weapon, in violation of 720 ILCS 5/24-1.1(a).

15. As a result of this false arrest Mr. Cowan spent approximately three months in custody.

16. After Officer Herrera, Officer Sherry, and Officer Villareal were charged with a litany of crimes similar to those perpetrated by the officers in this case, the state dismissed the charges against Jamal Cowan in a manner indicative of his innocence.

17. The Officer Defendants and Unknown Chicago Police Officers conspired and agreed amongst themselves to falsely charge Jamal Cowan with crimes the officers knew he did not commit, in violation of his civil rights. In furtherance of this conspiracy, defendant officers filled out and filed false and incomplete police reports relative to Mr. Cowan's arrest.

18. As a direct and proximate result of the malicious actions of the coconspirators, Jamal Cowan was injured, including the loss of his freedom, damage to his reputation, damage to his property, humiliation, pain, suffering, the deprivation of his constitutional rights and dignity, lost time, wages, attorney's fees, and extreme emotional distress. As a direct and proximate result of the false arrests, illegal searches, and other egregious conduct inflicted by defendant officers, Jamal suffered severe and permanent injuries, acute pain and suffering, anxiety, and loss of a normal life.

19. The City of Chicago, its officials, the Chicago Police Department, its officials, the Special Operations Section, its officers and supervisors, and the defendant officers engaged in a pattern of racketeering activity, as defined by 18 U.S.C. Section 1961, including but not limited to kidnapping, robbery, interference with commerce by threats and violence, witness intimidation, witness retaliation, influencing, delaying, and preventing testimony, hindering, delaying, and preventing the communication of federal offenses to law enforcement agencies and judicial officers, and conspiring to do the same.

## Count I

### 42 U.S.C. Section 1983 – False Imprisonment

1-19.   Plaintiff realleges paragraphs 1 through 19 above, as if fully set forth here.

20.   The actions of the Officer Defendants, described above, whereby defendants knowingly arrested and imprisoned Jamal Cowan without probable cause or any other justification, constituted deliberate indifference to plaintiff's rights under the U.S. Constitution, thus violating the Fourteenth and Eighth Amendments to the United States Constitution.

21.   As a direct and proximate result of these Constitutional violations, Jamal Cowan was caused to suffer great pain, anguish, despair, and other permanent and transitory mental suffering.

WHEREFORE, Jamal Cowan demands judgment against the individual defendants, jointly and severally, for compensatory damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00) and further demands judgment against the individual defendants, jointly and severally, for punitive damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), plus attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

## Count II

### 42 U.S.C. Section 1983 — Excessive Force

1-19.   Plaintiff realleges paragraphs 1 through 19 above, as if fully set forth here.

20.   The actions of the Officer Defendants, and Unknown Chicago Police Officers, constituted unreasonable, unjustifiable, and excessive force against Jamal Cowan, thus violating

his rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C., Section 1983.

21.     As a proximate result of the above-detailed actions of defendants, Jamal Cowan was injured, including severe pain, physical injuries, mental suffering, anguish and humiliation, panic and anxiety attacks, and fear.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Jamal Cowan demands judgment against the individual defendants, jointly and severally, for compensatory damages against the Officer Defendants in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

## Count III

**42 U.S.C. Section 1983 Fourth Amendment Violations — Illegal Searches and Seizures**

1-19.   Plaintiff realleges paragraphs 1 through 19 above, as if fully set forth here.

20.     The searches and seizures of Mr. Cowan's person and property as detailed above, performed willfully and wantonly by the defendants, individually and in conspiracy with each other, were in violation of Mr. Cowan's right to be free of unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. Section 1983.

21.     As a proximate result of the above-detailed actions of defendants, plaintiff was injured, including the deprivation of his liberty and the taking of his property. In addition, the violations proximately caused the plaintiff great mental anguish and humiliation, exposed him to

public scandal and disgrace, caused damage to this property, and caused him to incur various expenses, all to his damage.

WHEREFORE, pursuant to 42 U.S.C. Section 1983, Plaintiff demands judgment against the Officer Defendants, and other unknown Chicago Police Officers, jointly and severally, for compensatory damages against defendants officers in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), and because these defendants acted maliciously, wantonly, or oppressively, punitive damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

## Count IV

### 42 U.S.C. Section 1983 - *Monell* Claim Against City of Chicago

1-19.   Plaintiff realleges paragraphs 1 through 19 above, as if fully set forth here.

20.   The Constitutional violations detailed above, and in Counts I through III, were only possible for the defendant officers to perpetrate because of the customs, policies, and practices of CPD, whereby the CITY failed utterly to instruct, supervise, control and discipline the defendant officers.

21.   The customs, policies, and practices that caused the constitutional violations herein alleged include:

(a) excessive force by Chicago Police Officers;

(b) the denial of substantive due process, abuse of legal process, malicious prosecution, and filing of false charges against innocent persons by Chicago Police Officers;

(c) mental abuse, verbal abuse, and verbal assaults by Chicago Police Officers;

(d) the filing of false and incomplete police reports to hide criminal and unconstitutional conduct by officers;

(e) the filing of false charges and the pursuit of baseless prosecutions in order to protect police officers from claims of improper conduct and to avoid liability;

(f) a code of silence whereby officers refuse to report the unconstitutional and criminal misconduct of other officers, including the unconstitutional and criminal conduct alleged in this Complaint;

(g) a code of silence whereby officers remain silent or give false and misleading information during official investigations to cover up unconstitutional and criminal misconduct, to protect themselves, and to protect other officers;

(h) the willful, wanton, and deliberately indifferent failure to train, supervise, and discipline police officers in regards to unconstitutional and criminal misconduct;

(i) the willful, wanton, and deliberately indifferent failure to train, supervise, and discipline police officers in order to prevent unconstitutional and criminal misconduct by police officers;

(j) the failure to adequately investigate and substantiate allegations of unconstitutional and criminal misconduct by police officers;

(k) the failure to adequately discipline police officers that engage in unconstitutional and criminal misconduct;

(l) the encouragement and propogation of the misconduct complained of in subparagraphs (a)-(k) by stamping official approval on officers' unconstitutional and criminal misconduct through the Office of Professional Standards;

(m) the approval, support, and encouragement of unconstitutional and criminal misconduct by police officers to avoid financial loss;

(n) and the failure to deter police officers from engaging in unconstitutional and criminal misconduct through deficient, defective, and ineffectual investigatory and disciplinary procedures, as promulgated by the Office of Professional Standards.

22. The policies, practices, and customs herein complained of are so prevalent and widespread within the Chicago Police Department as to put City of Chicago policy makers on actual and implied notice that such policies existed in full force and effect.

23. City of Chicago policy makers acted willfully, wantonly, and deliberately indifferent towards the constitutional rights of plaintiffs by accepting, monitoring, maintaining, protecting, and encouraging the unconstitutional policies, practices, and customs listed in paragraph 26 of this Complaint.

24. By acting willfully, wantonly, and deliberately indifferent towards the constitutional rights of plaintiff, City of Chicago policy makers approved, encouraged, and caused the constitutional violations alleged in this Complaint.

25. As a proximate result of the above-detailed actions of the defendants and City of Chicago policy makers, plaintiff was injured, including injuries resultant from the above detailed constitutional violations, pain, suffering, anguish, embarrassment, emotional injuries, mental injuries, psychological injuries, and physical injuries. In addition, the violations proximately caused the plaintiff great humiliation, exposed them to public scandal and disgrace, and caused them to incur various expenses, all to his damage.

WHERFORE, plaintiff demands judgment against the defendants for compensatory

damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00), plus attorney's fees pursuant to statute and the costs of this action, and such other and further relief as this Court deems just, proper, and equitable.

### Count VI

**18 U.S.C. Section 1961 *et. seq.* – Racketeer Influenced and Corrupt Organizations**

1-19.   Plaintiff realleges paragraphs 1 through 19 above, as if fully set forth here.

20.   The racketeering enterprises in this cause are the City of Chicago, the Chicago Police Department, and the Special Operations Section thereof, in which the defendant officers and other unknown officials and officers used their official positions to illegally commit a pattern of racketeering activity, including but not limited to kidnapping, robbery, obstruction of justice, intimidation of witnesses, retaliation against witnesses, interference with commerce by threats and violence, influencing, delaying, and preventing testimony, and hindering, delaying, and preventing the communication of federal offenses to law enforcement agencies and judicial officers, as detailed more fully throughout this Complaint.

21.   As detailed above, the individual defendants and other as of yet unknown officials and officers conducted and participated in the conduct of the City of Chicago, Chicago Police Department, and Special Operations Section through a pattern of racketeering activity, and conspired amongst themselves and others unnamed to do the same.

22.   As a direct and proximate result of the racketeering violations described above, plaintiff was injured in his business and property, including but not limited to attorney's fees, lost wages and employment, tangible property, privacy, and physical injuries.

23.   The individual defendants are employed by and associated in fact with said

enterprises, the City of Chicago, Chicago Police Department, and the Special Operations Section.

24. The individual defendants, while acting individually, jointly, and in conspiracy with each other, as well as under color of law and within the scope of their employment, directly and indirectly, conducted and participated in the affairs of the City of Chicago, Chicago Police Department, and Special Operations Section, through a pattern of racketeering activity, as is more fully described throughout this Complaint.

WHEREFORE, plaintiffs demand judgment against the demands judgment against the individual officers, jointly and severally, for compensatory damages in an amount in excess of ten thousand dollars ($10,000.00) and further demands judgment against the individual officers, jointly and severally, for treble damages in an amount in excess of thirty thousand dollars ($30,000.00), and further demands attorneys' fees and the costs of this action, and for such other and further relief as this Court deems just, proper, and equitable.

Respectfully submitted,

JAMAL COWAN

Christopher R. Smith

By: _____
One of his attorneys


PLAINTIFF DEMANDS TRIAL BY JURY.


Christopher R. Smith
A Law Office of Christopher R. Smith
119 North Peoria, Suite 3A
Chicago, Illinois 60607
312-432-0400